1  Dylan B. Carp (State Bar No. 196846)
   Travis Raymond (State Bar No. 268543)
2  Jackson Lewis LLP
   199 Fremont Street, 10th Floor
3  San Francisco, California  94105
   Telephone: (415) 394-9400
4  Facsimile: (415) 394-9401
   E-Mail: carpd@jacksonlewis.com
5
   Mia Farber (State Bar No. 131467)
6  Jackson Lewis LLP
   725 South Figueroa Street, Suite 2500
7  Los Angeles, California 90017-5408
   E-Mail: farberm@jacksonlewis.com
8
   Attorneys for Defendant
9  MILGARD MANUFACTURING INC.

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12 JOHN FOUTS, an individual,            | **CASE NO.:  C 11-06269 HRL**

13              Plaintiff,               | **NOTICE OF MOTION AND
                                         | DEFENDANT'S MOTION TO COMPEL
14      v.                               | ARBITRATION; MEMORANDUM OF
                                         | POINTS AND AUTHORITIES**
15 MILGARD MANUFACTURING
   INCORPORATED, a Washington corporation, | Date:        Tuesday, April 10, 2012
16 and DOES 1-25, inclusive,             | Time:        10:00 a.m.
                                         | Courtroom:   2, 5th Floor
17              Defendants.              | Judge:       Howard R. Lloyd

18                                       | Complaint Filed: July 29, 2011
                                         | Trial Date: None Set
19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

STATEMENT OF THE ISSUES TO BE DECIDED ................................................. 2

STATEMENT OF FACTS ..................................................................................... 2

ARGUMENT ....................................................................................................... 4

I.   The Agreement is enforceable under federal law and covers all of Plaintiff's
     claims. ....................................................................................................... 4

II.  The Agreement is enforceable under state law. ........................................... 6

     A.   Plaintiff demanded mediation under the Agreement and is therefore barred
          from attacking the Agreement under the principles of waiver and estoppel. .......... 6

     B.   The Agreement satisfies the requirements for arbitration agreements set
          forth in *Armendariz* and therefore is not substantively unconscionable. ................. 7

     C.   The Agreement is the product of neither oppression nor surprise and is
          therefore not procedurally unconscionable. ............................................................. 9

     D.   None of Plaintiff's attacks on the Agreement asserted during counsel's
          meet and confer have any merit. ........................................................................... 11

          1.   The Agreement has a sufficient modicum of bilaterality ........................... 11

          2.   It is not unconscionable to require Plaintiff to pay his own counsel. ........ 12

          3.   The Agreement does not authorize the arbitrator to decide the case
               at an administrative conference. .............................................................. 12

          4.   The Agreement permits sufficient discovery. ............................................ 13

          5.   The Agreement requires the arbitrator to render a written decision. ......... 13

     E.   If the Court finds Plaintiff preserved his objections and there is both
          procedural and substantive unconscionability, the proper remedy is to
          strike the substantively unconscionable provisions and enforce the
          remainder of the Agreement. ............................................................................... 14

III. The Court should dismiss this action without prejudice, or in the alternative stay
     the action pending arbitration. ................................................................. 16

NOTICE OF DEFENDANT'S MOTION, MOTION TO COMPEL ARBITRATION, AND SUPPORTING
MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*American Software v. Ali,*
    46 Cal.App.4th 1386 (1996) ..................................................................7

*Armendariz v. Found. Health Psychcare Servs.,*
    24 Cal.4th 83 (2000) .................................................................... *passim*

*AT&T Mobility LLC v. Concepcion,*
    131 S. Ct. 1740 (2011)...................................................................4

*Brookwood v. Bank of America, NT&SA,*
    45 Cal.App.4th 1667 (1996) ..................................................................5

*Carlson, Collins, Gordon & Bold v. Banducci,*
    257 Cal.App.2d 212 (1967) ..................................................................6

*Chiron Corp. v. Ortho Diagnostic Sys.,*
    207 F.3d 1126 (9th Cir. 2000) ..................................................................5

*Circuit City Stores, Inc. v. Adams,*
    532 U.S. 105 (2001)...............................................................4, 5

*Condee v. Longwood Mngmt. Corp.,*
    88 Cal.App.4th 215 (2001) ..................................................................5

*Cummings v. Future Nissan,*
    128 Cal.App.4th 321 (2005) ..................................................................6, 7

*Dauod v. Ameriprise Fin. Servs.,*
    2011 U.S. Dist. LEXIS 150972 ..................................................................12

*Davis v. O'Melveny & Myers,*
    485 F.3d 1066 (9th Cir. 2007) ..................................................................7, 10

*Dotson v. Amgen, Inc.,*
    181 Cal.App.4th 975 (2010) ..................................................................8, 13

*Fittante v. Palm Springs Motors,*
    105 Cal.App.4th 708 (2003) ..................................................................15

*Laughlin v. VMware, Inc.,*
    2012 U.S. Dist. LEXIS 12262 (N.D. Cal. Feb. 1, 2012) .........................................11, 15

*Little v. Auto Stiegler,*
    29 Cal.4th 1064 (2003) ..................................................................15

NOTICE OF DEFENDANT'S MOTION, MOTION TO COMPEL ARBITRATION, AND SUPPORTING
MEMORANDUM OF POINTS AND AUTHORITIES

*Macaulay v. Norlander*,
  12 Cal.App.4th 1 (1992) ............................................................................5

*Marcos v. Koreana Plaza Mkt. Oakland*,
  2007 U.S. Dist. LEXIS 46361 (N.D. Cal. 2007) ..........................................5

*Martin v. Ricoh Americas Corp.*,
  2009 U.S. Dist. LEXIS 50516 (N.D. Cal. June 4, 2009) ...............................15

*McManus v. CIBC World Markets Corp.*,
  109 Cal.App.4th 76 (2003) .......................................................................15

*Mercuro v. Superior Court*,
  96 Cal.App.4th 167 (2002) ...................................................................9, 10

*Nagrampa v. Mailcoups*,
  469 F.3d 1257 (9th Cir. 2006) ...................................................................9

*Pearson Dental Supplies, Inc. v. Superior Court*,
  48 Cal.4th 665 (2010) .............................................................................13

*Roman v. Superior Court*,
  172 Cal.App.4th 1462 (2009) ...................................................................10

*Siglain v. Trader Publishing Co.*,
  2008 U.S. Dist. LEXIS 92095 (N.D. Cal. August 6, 2008)............................15

*Sparling v. Hoffman Construction Co.*,
  864 F.2d 635 (9th Cir. 1988) ...................................................................16

*Trend Homes v. Superior Court*,
  131 Cal.App.4th 950 (2005) .....................................................................10

*Woodside Homes of California, Inc. v. Superior Court*,
  107 Cal.App.4th 723 (2003) .....................................................................12

STATUTES

9 U.S.C. § 1 et seq................................................................................4

9 U.S.C. § 2...................................................................................4, 7

9 U.S.C. §§ 3 and 4...........................................................................16

California Civil Code section 1670.5(a) ...................................................14

California Code of Civil Procedure section 1281.4.................................1, 3, 16

California Code of Civil Procedure sections 1281 and 1281.2..........................1

NOTICE OF DEFENDANT'S MOTION, MOTION TO COMPEL ARBITRATION, AND SUPPORTING
MEMORANDUM OF POINTS AND AUTHORITIES

California Government Code section 12900 et seq. ................................................. 4

Federal Arbitration Act, 9 U.S.C. § 3) ..........................................................................1

Federal Arbitration Act, 9 U.S.C. § 4 ........................................................................1,5

NOTICE OF DEFENDANT'S MOTION, MOTION TO COMPEL ARBITRATION, AND SUPPORTING
MEMORANDUM OF POINTS AND AUTHORITIES

TO THE COURT, PLAINTIFF JOHN FOUTS AND TO HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Tuesday, April 10, 2012 at 10:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 2, Fifth Floor, 280 South 1st St, San Jose, CA 95113, Defendant Milgard Manufacturing, Inc. ("Milgard") will move the Court for an order (1) compelling final and binding arbitration of all claims asserted in this case and (2) dismissing this case without prejudice or in the alternative staying this case pending the outcome of arbitration.

This Motion is based on Plaintiff John Fouts' agreement to arbitrate claims arising out of his employment with Milgard. That arbitration agreement covers all claims Plaintiff asserts. The agreement's terms meet the minimum requirements of *Armendariz v. Found. Health Psychcare Servs.*, 24 Cal.4th 83, 97-98 (2000) and therefore are enforceable. Under section 4 of the Federal Arbitration Act (9 U.S.C. § 4) and Cal. Code Civ. Proc. §§ 1281 and 1281.2, Milgard moves the Court to compel Plaintiff to submit to arbitration all claims stated in Plaintiff's Complaint ("Complaint"). Furthermore, under section 3 of the Federal Arbitration Act, 9 U.S.C. § 3, and Cal. Code Civ. Proc. § 1281.4, Milgard requests the Court immediately stay the entire litigation, pending resolution of Milgard's motion to compel arbitration and until such time as the arbitration of Plaintiff's claims has been completed.

This motion is based on this notice of motion and motion, the supporting memorandum of points and authorities, declarations and exhibits submitted herewith, and upon such additional facts and arguments that may be presented up to and at the hearing on the motion.

Respectfully submitted,

DATED: February 16, 2012                    JACKSON LEWIS LLP

By: _____
Mia Farber
Dylan B. Carp
Travis Raymond
Attorneys for Defendant
MILGARD MANUFACTURING INC.

NOTICE OF DEFENDANT'S MOTION, MOTION TO COMPEL ARBITRATION, AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF THE ISSUES TO BE DECIDED

Should the Court compel final and binding arbitration of all claims asserted in this case and dismiss this case without prejudice or in the alternative stay this case pending the outcome of arbitration?

## STATEMENT OF FACTS

Milgard has employed Plaintiff as an outside sales representative from November 5, 2003 to the present. Declaration of Barbara Motley ("Motley Dec"), ¶ 2. On November 3, 2003, prior to commencing employment, Plaintiff signed a binding mediation and arbitration agreement ("Agreement"). Motley Dec, Ex. A. The Agreement Fouts signed, entitled Dispute Resolution Policy, is ten pages long, including four pages of questions and answers designed to aid Plaintiff's understanding of the Agreement.

The Agreement states it applies to all claims Plaintiff may have arising out of his employment:

> Under this Policy, which is a condition of continued
> employment and binding upon the Company and the employee, all
> claims and disputes between the Company and employee within the
> United States arising out of the employee's employment or
> termination, which are not resolved through the Company's Open
> Door Policy and other normal human resource channels shall be
> resolved through mediation and, if necessary, binding arbitration.
> The mediation and arbitration will be conducted by a neutral third
> party, the American Arbitration Association. (Agreement, p. 1).

The Agreement's scope is very broad and applies to both Plaintiff and Milgard:

> Except as noted below, the disputes covered by this Policy
> include any claim the Company might have against the employee.
> Also included is any claim under applicable state or federal law an
> employee within the United States might have against the Company
> including, for example, all claims for: [examples omitted]; violations

2      Case No. C 11-06269 HRL

1    <u>of public policy</u>, [examples omitted]; all forms of unlawful

2    discrimination including, but not limited to, race, color, sex, religion,

3    national origin, <u>disability</u>, marital status or age; [examples omitted].

4    (Agreement, p. 1 (emphasis added)).

5    The Agreement excludes only a few very specific claims that are irrelevant to this

6    action. (*Id.*, p. 1-2).

7    The Agreement provides for mediation and, if mediation is unsuccessful, then

8    binding arbitration as the exclusive resolution process for all covered claims. The parties

9    are obligated to try to resolve their disputes through mediation by the American Arbitration

10   Association ("AAA"). (*Id.*, p. 1-2). If the parties cannot reach a resolution, they are to

11   proceed to binding arbitration administered by AAA. (*Id.*, p. 1-2). The arbitration is to be

12   administered by a single, neutral and independent arbitrator knowledgeable in employment

13   law. (*Id.*, p. 2-3). The arbitrator shall have the authority to decide discovery disputes,

14   grant requests for additional discovery, and to grant any and all types of relief available

15   under applicable law. (*Id.*, p. 3-4). The arbitrator's decision shall be in writing. (*Id.*, p. 4).

16   Milgard is obligated to pay all of the expenses and fees of the mediator, and all of

17   AAA's mediation fees. Milgard is also to pay all of the expenses and fees of the arbitrator,

18   and all of AAA's arbitration fees. (*Id.*, p. 2). Plaintiff is responsible for the expense of his

19   own representation. (*Id.*, p. 2).

20   The agreement also states the parties' intention to enforce the agreement to the

21   fullest extent possible under applicable laws:

22   Because this Policy promotes mediation and arbitration as the

23   exclusive remedy for claims covered by this Policy, the Company

24   and the employee agree to be bound by those laws best promoting

25   the enforceability of mediation and arbitration agreements, including

26   the Federal Arbitration Act, federal common law, and any applicable

27   state laws promoting arbitration. (Agreement, p. 1).

28   On May 7, 2010, Plaintiff's counsel sent a demand letter to Milgard asserting claims

1    for disability discrimination and failure to accommodate his alleged disability, among

2    others. Declaration of Dylan B. Carp ("Carp Dec"), ¶ 2. On July 22, 2010, Milgard's

3    counsel sent a responsive letter demanding Plaintiff comply with the Agreement. Carp

4    Dec, ¶ 3. On August 3, 2010, Plaintiff demanded mediation "[p]ursuant to the Dispute

5    Resolution Policy...of disputes between the company and [Plaintiff] as set forth in detail in

6    my correspondence dated May 7, 2010." Carp Dec, Ex. A.

7         On December 14, 2010, the parties mediated Fouts' claims asserted in his demand

8    letter. The parties agreed to use a mediator unaffiliated with AAA. Milgard paid for all of

9    the expenses and fees for the mediator. The parties failed to resolve the dispute at

10   mediation. Carp Dec, ¶ 5.

11        On July 29, 2011, in direct contravention of the terms of the Agreement, Plaintiff

12   filed this action in Monterey County, California Superior Court. Plaintiff states two causes

13   of action: (1) "Disability Discrimination" in violation of California Government Code §

14   12900 et seq.; and (2) Wrongful Termination in Violation of Public Policy. Milgard

15   removed the matter to this Court on December 13, 2011. On January 13, 2012, Milgard

16   through counsel requested Plaintiff to dismiss this action in favor of binding arbitration.

17   Carp Dec, ¶ 6. However, Plaintiff refused to do so. *Id.*

18                                  **ARGUMENT**

19   **I.      The Agreement is enforceable under federal law and covers all of Plaintiff's claims.**

20        Milgard is entitled to an order compelling arbitration in this case under the Federal

21   Arbitration Act ("FAA"), 9 U.S.C. §1, et seq. "The FAA was enacted in 1925 in response to

22   widespread judicial hostility to arbitration agreements." *AT&T Mobility LLC v. Concepcion*, 131

23   S. Ct. 1740, 1745 (2011). "Section 2, the primary substantive provision of the Act," provides an

24   arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as

25   exist at law or in equity for the revocation of any contract." *Id.* The Supreme Court has held the

26   FAA applies to employment contracts: "We have been clear in rejecting the supposition that the

27   advantages of the arbitration process somehow disappear when transferred to the employment

28   context." *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 123 (2001). "[A]rbitration

NOTICE OF DEFENDANT'S MOTION, MOTION TO COMPEL ARBITRATION, AND SUPPORTING
MEMORANDUM OF POINTS AND AUTHORITIES

agreements allow parties to avoid the costs of litigation, a benefit that may be of particular importance in employment litigation, which often involves smaller sums of money than disputes concerning commercial contracts." *Id.*

In California, arbitration is also strongly favored as a speedy and inexpensive method of dispute resolution. *Macaulay v. Norlander*, 12 Cal.App.4th 1, 6 (1992). Arbitration agreements should be "liberally interpreted" and arbitration must be ordered "unless the agreement clearly does not apply to the dispute in question" and any "doubts should be resolved in favor of sending the parties to arbitration." *Manna v. Doctors' Mgmt. Co.*, 27 Cal.App.4th 1186, 1189 (1994). Public policy favors arbitration so strongly that California courts have held an employee is "bound by the provisions of [an] [arbitration] agreement regardless of whether [he/she] read it or [was] aware of the arbitration clause when [he] signed the document." *Brookwood v. Bank of America, NT&SA*, 45 Cal.App.4th 1667, 1673-74 (1996) (citations omitted.).

Under section 4 of the FAA, a district court must issue an order compelling arbitration if the following two-part test is satisfied: (1) a valid agreement to arbitrate exists; and (2) that agreement encompasses the dispute at issue. *Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126, 1130 (9th Cir. 2000). Milgard need only prove, by a preponderance of the evidence, that an agreement to arbitrate exists between the parties. *Marcos v. Koreana Plaza Mkt. Oakland*, 2007 U.S. Dist. LEXIS 46361, *4 (N.D. Cal. 2007). To satisfy this burden, Milgard may simply supply a copy of the agreement or recite its terms in the motion. *Condee v. Longwood Mngmt. Corp.*, 88 Cal.App.4th 215, 219 (2001).

Here, Milgard has satisfied its obligation by filing a copy of the Agreement along with its motion. Further, there can be no dispute that Plaintiff's claims are covered by the arbitration agreement contained therein, as the claims raised in the Complaint are listed as specific examples of the types of claims covered by the agreement.

Given the strong public policy favoring the enforcement of arbitration agreements, the Court should compel Plaintiff to pursue his claims against Milgard in arbitration.

NOTICE OF DEFENDANT'S MOTION, MOTION TO COMPEL ARBITRATION, AND SUPPORTING
MEMORANDUM OF POINTS AND AUTHORITIES

1    **II.    The Agreement is enforceable under state law.**

2           **A.    Plaintiff demanded mediation under the Agreement and is therefore barred**

3                  **from attacking the Agreement under the principles of waiver and estoppel.**

4           "Those who are aware of a basis for finding the arbitration process invalid must raise it at

5    the outset or as soon as they learn of it so that prompt judicial resolution may take place before

6    wasting the time of the adjudicator(s) and the parties." *Cummings v. Future Nissan*, 128

7    Cal.App.4th 321, 328-329 (2005). "The forfeiture rule exists to avoid the waste of scarce dispute

8    resolution resources, and to thwart game-playing litigants who would conceal an ace up their

9    sleeves for use in the event of an adverse outcome." *Id.* at 328.

10          In *Cummings*, the dispute was covered by a two-tiered arbitration clause that provided for

11   an arbitration award and then a second level of review of the award. *Id.* The plaintiff failed to

12   raise arguments that the second level of review was unconscionable until after the review was

13   triggered, claiming that it was "not an issue." *Id.* at 329. The court held the plaintiff waived

14   arguments as to whether the second tier of the arbitration process was unconscionable when she

15   did not raise them at the outset.

16          Here, Plaintiff's counsel has contended in communications with counsel for Milgard that

17   even though Plaintiff demanded mediation under the Agreement, Plaintiff preserved his ability to

18   attack the second-level of the Agreement (binding arbitration in this case) because the mediation

19   provision is separate from the arbitration provision. This contention is without merit, as there is

20   not a separate agreement for mediation and another agreement for arbitration. The Agreement

21   repeatedly states mediation and arbitration are each one step of the dispute resolution process.

22   Indeed, mediation and arbitration are frequently referred to in the same sentence. There is only

23   one signature line for the entire Agreement. There is no support for the contention there were two

24   separate agreements.

25          Plaintiff's counsel also contended the parties repudiated the agreement because they used

26   a mediator unaffiliated with AAA. This contention also lacks merit. "A contract can, of course,

27   be subsequently modified with the assent of the parties thereto, provided the same elements

28   essential to the validity of the original contract are present." *Carlson, Collins, Gordon & Bold v.*

1    *Banducci*, 257 Cal.App.2d 212, 223 (1967).  Here, to the extent the parties' agreement to use a

2    mediator unaffiliated with AAA had any effect on the Agreement, the effect was to modify the

3    Agreement to permit use of a mediator unaffiliated with AAA.  There is no basis for Plaintiff's

4    contention the parties thereby repudiated the Agreement.  All of the other essential terms of the

5    Agreement remain enforceable.  Milgard spent considerable resources on the mediator's expenses

6    and fees after Plaintiff demanded mediation under the Agreement.  Plaintiff remained silent as to

7    any concerns regarding the Agreement's unconscionability.  Here, as in *Cummings*, Plaintiff has

8    waived any ability to attack the Agreement's enforceability by not asserting the attack at the

9    outset.

10        **B.      The Agreement satisfies the requirements for arbitration agreements set forth**

11                 **in *Armendariz* and therefore is not substantively unconscionable.**

12            Under the FAA, arbitration agreements are enforceable "save upon such grounds as exist

13    at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  "[I]n assessing whether an

14    arbitration  agreement  or  clause  is  enforceable,  the  Court  should  apply  ordinary  state-law

15    principles that govern the formation of contracts."  *Davis v. O'Melveny & Myers*, 485 F.3d 1066,

16    1072 (9th Cir. 2007).  "Under California law, a contractual clause is unenforceable if it is both

17    procedurally  and  substantively  unconscionable."  *Id.*  "Courts  apply  a  sliding  scale:  the  more

18    substantively oppressive the contract term, the less evidence of procedural unconscionability is

19    required to come to the conclusion that the term is unenforceable, and vice versa."  *Id.*  "Still,

20    both [must] be present in order for a court to exercise its discretion to refuse to enforce a contract

21    or clause under the doctrine of unconscionability."  *Id.* (alteration in original).

22            Substantive unconscionability relates to the effect of the contract or provision."  *Davis*,

23    485 F.3d at 1075.  "A  determination  of  substantive  unconscionability...involves  whether  the

24    terms of the contract are unduly harsh or oppressive."  *Id.*  "With a concept as nebulous as

25    'unconscionability' it is important that courts not be thrust in the paternalistic role of intervening

26    to change contractual terms that the parties have agreed to merely because the court believes the

27    terms are unreasonable.  The terms must shock the conscience."  *American Software v. Ali*, 46

28    Cal.App.4th 1386, 1391 (1996).

The California Supreme Court held arbitration agreements, to avoid substantive unconscionability, must provide for neutral arbitrators, provide for more than minimal discovery, require a written award, provide for all types of relief that would otherwise be available in court, not require employees to pay either unreasonable costs or any arbitrators' fees or expenses, and possess a modicum of bilaterality. *Armendariz*, 24 Cal.4th at 102, 115-21. The Agreement satisfies each of these requirements.

Regarding the first requirement—neutral arbitrator—the Agreement provides, "[t]he Arbitrator will be independent and impartial and no person shall serve as an Arbitrator who has any financial or personal interest in the result of the proceeding." (Agreement, p. 3). The Agreement therefore satisfies this requirement.

Regarding the second requirement—providing more than minimal discovery—the Agreement provides each party is entitled to one deposition and information and copies of documents that meet the criteria for discovery, and the Arbitrator may grant additional discovery upon good cause shown. (Agreement, pp. 3-4). Courts have repeatedly upheld similar discovery provisions in arbitration agreements. *See, e.g., Dotson v. Amgen, Inc.*, 181 Cal.App.4th 975, 983-85 (2010), *and cases cited therein*.

Regarding the third requirement—the agreement must provide for a written award—the Agreement states the record of the arbitration must include the "written decision of the Arbitrator." Thus, this requirement is satisfied.

Regarding the fourth requirement—the Agreement must provide for all of the types of relief that would otherwise be available in court—the Agreement states "the Arbitrator shall have the same power and authority (and no more) as would a judge in court to grant monetary damages or such other relief as may be in conformance with applicable principles of common, decisional, and statutory law in the relevant jurisdiction." (Agreement, p. 4). This requirement is therefore satisfied.

Regarding the fifth requirement—the Agreement cannot require employees to pay either unreasonable costs or any arbitrators' fees or expenses—the Agreement requires Milgard to pay all of the expenses and fees of the Arbitrator and all administrative fees. (Agreement, p. 2).

1  Thus, this requirement is satisfied.

2  Finally, regarding the sixth requirement—a modicum of bilaterality—the Agreement

3  states "the disputes covered by this Policy include any claim the Company might have against the

4  employee." Thus, this requirement is satisfied.

5  Therefore, the Agreement satisfies the *Armendariz* requirements and is not substantively

6  unconscionable.

7  **C.    The Agreement is the product of neither oppression nor surprise and is**

8  **therefore not procedurally unconscionable.**

9  Nor is the Agreement procedurally unconscionable. "Procedural unconscionability

10  analysis focuses on oppression or surprise." *Nagrampa v. Mailcoups*, 469 F.3d 1257, 1280 (9th

11  Cir. 2006). "Oppression arises from an inequality of bargaining power that results in no real

12  negotiation and an absence of meaningful choice, while surprise involves the extent to which the

13  supposedly agreed-upon terms are hidden in a prolix printed form drafted by the party seeking to

14  enforce them." *Id.*

15  Here, there is no procedural unconscionability because there was neither oppression nor

16  surprise. An example of oppression occurred in *Mercuro v. Superior Court*, 96 Cal.App.4th 167,

17  176-77 (2002). In *Mercuro*, the plaintiff was told if he did not sign the agreement he would be

18  "cut off" and made to "pay big time." His employer told him it would strip him of his accounts,

19  refuse to approve his travel requests, "take whatever action was necessary to drive [him] out" and

20  "[he] would have difficulty in obtaining other employment." *Id.* at 174-75.

21  Here, Milgard did not engage in any such oppressive activity. Plaintiff was not subjected

22  to any threats or coercion. Milgard informed Plaintiff in advance that he would need to sign the

23  Agreement. He had the opportunity to review the Agreement's terms and decide whether to

24  accept employment. Further evidence of an absence of oppression is all of the benefits Plaintiff

25  was able to command in exchange for his labor. Plaintiff received commission on top of his base

26  salary; medical, dental, and vision coverage; life insurance; paid holidays; vacation; a flexible

27  spending account; 401k with profit sharing and employer matching; and the use of a company cell

28  phone, vehicle, and laptop computer. Additionally, Plaintiff was eligible for, and often received,

NOTICE OF DEFENDANT'S MOTION, MOTION TO COMPEL ARBITRATION, AND SUPPORTING
MEMORANDUM OF POINTS AND AUTHORITIES

trips to Maui for top sales representatives, annual bonuses, and a one-time $6,000 training bonus. Motley Dec, ¶ 4. Plaintiff's ability to command these generous benefits is antithetical to the notion the terms of his employment were oppressive. Therefore, the arbitration agreement was not so oppressive as to be procedurally unconscionable.

Further, there was no surprise. In *Trend Homes v. Superior Court*, 131 Cal.App.4th 950, 959 (2005), the court held there was no surprise in an agreement to send disputes to judicial reference because the provision was "clearly written, entirely capitalized, and easily understood." *See also Roman v. Superior Court*, 172 Cal.App.4th 1462, 1471-71 (2009) (implying absence of surprise where arbitration provision "was not buried in a lengthy employment agreement," but rather "was contained on the last page of a seven-page employment application, underneath the heading 'Please Read Carefully, Initial Each Paragraph and Sign Below,'" and was set forth in separate, succinct paragraph that plaintiff initialed).

Here, Plaintiff was not surprised by the inclusion of an arbitration agreement. The Agreement is clearly written. Additionally, part of the Agreement is a series of "Questions and Answers" which uses plain language and defines all of its terms. (Agreement, p. 6-9). "Arbitration" is defined and it is clearly stated, "Will a Court ever decide any dispute covered by this Policy? No; this Policy is the sole and exclusive remedy for all covered disputes." Further, similar to the agreement in *Roman*, the Agreement was clearly set forth separately from other employment policies, clearly labeled, and relatively short.

Because Milgard did not engage in any oppressive behavior such as that described in *Mercuro*, and Plaintiff was not surprised by the arbitration provision, there is no procedural unconscionability.

Because both procedural and substantive unconscionability must be present for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability, *Davis*, 485 F.3d at 1072, yet the Agreement is neither procedurally nor substantively unconscionable, the Agreement is enforceable.

NOTICE OF DEFENDANT'S MOTION, MOTION TO COMPEL ARBITRATION, AND SUPPORTING
MEMORANDUM OF POINTS AND AUTHORITIES

**D.** **None of Plaintiff's attacks on the Agreement asserted during counsel's meet and confer have any merit.**

During a meet and confer by counsel regarding the Agreement, Plaintiff's counsel asserted a number of attacks on the Agreement. As explained below, none has any merit.

        **1.** **The Agreement has a sufficient modicum of bilaterality.**

Plaintiff's counsel contended the agreement is insufficiently bilateral because it purportedly carves out certain claims Milgard is likely to have against Plaintiff. This contention lacks merit. *Armendariz* held it is "unfairly one-sided for an employer with superior bargaining power to impose arbitration on the employee as plaintiff but not to accept such limitations when it seeks to prosecute a claim against the employee, without at least some reasonable justification...based on 'business realities.'" *Armendariz* at 117.

Here, as noted, the Agreement states explicitly it applies to claims Milgard may have against Plaintiff: "Except as noted below, the disputes covered by this Policy include any claim the Company might have against the employee." (Agreement, p. 1). The sole exception is for "claims for injunctive or equitable relief the Company might have against an employee to: enforce non-competition agreements; enforce non-solicitation agreements; protect, directly or indirectly, the Company's trade secret(s), proprietary information, confidential information and other Company property; and protect the Company's business reputation." (Agreement, p. 2). "Because the provision relates only to breaches of Defendant's intellectual property, Defendant has a reasonable justification to seek an injunction from a court of law." *Laughlin v. VMware, Inc.*, 2012 U.S. Dist. LEXIS 12262, *17 (N.D. Cal. Feb. 1, 2012). "[W]ithout the ability to restrain breaches of intellectual property, subsequent arbitration could be rendered meaningless." *Id.* Accordingly, the exception solely for claims for injunctive or equitable relief in connection with Milgard's intellectual property is "reasonably justified by a business purpose, and therefore not so unfairly one-sided as to be deemed unconscionable." *Id.* at *18.

Further, none of the potential claims excepted from the Agreement has anything to do with this dispute, and Milgard has taken no steps to enforce that term of the Agreement.

1     Therefore, even if the term were unconscionable, this is not a ground available to Plaintiff to

2     evade his obligations under the Agreement. *Dauod v. Ameriprise Fin. Servs.*, 2011 U.S. Dist.

3     LEXIS 150972, *14-*16 & n.2.

4         Therefore, this attack on the Agreement lacks merit.

5         **2.**      **It is not unconscionable to require Plaintiff to pay his own counsel.**

6         Plaintiff's counsel contended the Agreement is unenforceable because it requires Plaintiff

7     to pay for his own lawyer. This contention lacks merit. It is not unconscionable to require each

8     party to an arbitration agreement to bear its own attorney's fees. (*Woodside Homes of California,*

9     *Inc. v. Superior Court*, 107 Cal.App.4th 723, 731 (2003) (upholding provision in agreement

10    requiring home buyers who sue the builder to submit the dispute to binding judicial reference

11    where agreement required each side to bear its own attorney fees, as requirement merely restated

12    the "American rule" and took nothing away from the buyers they would have in court).

13        This attack therefore lacks merit.

14        **3.**      **The Agreement does not authorize the arbitrator to decide the case at**

15                 **an administrative conference.**

16        Plaintiff's counsel contended the agreement is unenforceable because it purportedly

17    permits the arbitrator to decide the entire case at an administrative conference. This contention

18    finds no support in the Agreement. The provision regarding an administrative conference

19    provides, "[t]o permit the consideration of any issues and procedures that will expedite the

20    arbitration in a fair and equitable manner, at the request of either the employee or the Company,

21    an Administrative Conference with the AAA will be held." (Agreement, p. 3). The next

22    sentence provides, "[u]nless agreed to in writing by the parties, all outstanding disputes that either

23    the Company or the employee might have against the other will be decided by the Arbitrator in

24    the same proceeding." (Agreement, p. 3). Thus, contrary to Plaintiff's contention, the

25    Agreement states only the arbitrator will decide all outstanding disputes either the Company or

26    the employee might have against the other *in the same proceeding*. It says nothing about deciding

27    all such disputes at the administrative conference. As in every other arbitration, this arbitration

28    would consist of a trial before an arbitrator, not an administrative conference.

1      Even if there were some ambiguity, the remedy is to interpret the language in a manner

2  that is enforceable, rather than to interpret it in a manner that is unenforceable. "When an

3  arbitration provision is ambiguous, we will interpret that provision, if reasonable, in a manner that

4  renders it lawful, both because of our public policy in favor of arbitration as a speedy and

5  relatively inexpensive means of dispute resolution, and because of the general principle that we

6  interpret a contractual provision in a manner that renders it enforceable rather than void."

7  *Pearson Dental Supplies, Inc. v. Superior Court*, 48 Cal.4th 665, 82 (2010).

8      Therefore, this contention has no merit.

9         **4.     The Agreement permits sufficient discovery.**

10      Plaintiff's counsel contended the Agreement is unenforceable in that it purportedly does

11  not provide for sufficient discovery, because it guarantees only one deposition per side and does

12  not guarantee any interrogatories. However, as noted, the arbitrator is empowered to permit

13  additional discovery upon good cause shown, and courts have repeatedly upheld similar discovery

14  provisions in arbitration agreements. *Dotson*, 181 Cal.App.4th at 983-85, *and cases cited.*

15  "[A]rbitration is meant to be a streamlined procedure. Limitations on discovery, including the

16  number of depositions, is one of the ways streamlining is achieved." *Id.* Therefore, this

17  contention has no merit.

18         **5.     The Agreement requires the arbitrator to render a written decision.**

19      Plaintiff's counsel contended the Agreement is unenforceable because it purportedly does

20  not require the arbitrator to render a written decision. However, contrary to Plaintiff's contention,

21  the Agreement explicitly states the record must contain the arbitrator's "written decision."

22  (Agreement p. 4). Again, even if there were some ambiguity and the Court concludes a written

23  decision is required, the remedy is to interpret the Agreement in a manner that is enforceable by

24  requiring the arbitrator to render a written decision. *Pearson*, 48 Cal.4th at 82. Therefore, this

25  contention has no merit.

26      For these reasons, the Agreement is not substantively unconscionable.

27

28

NOTICE OF DEFENDANT'S MOTION, MOTION TO COMPEL ARBITRATION, AND SUPPORTING
MEMORANDUM OF POINTS AND AUTHORITIES

1

2

3

4

**E.    If the Court finds Plaintiff preserved his objections and there is both procedural and substantive unconscionability, the proper remedy is to strike the substantively unconscionable provisions and enforce the remainder of the Agreement.**

Because there is neither procedural nor substantive unconscionability, the Court should enforce the Agreement.  However, to the extent the Court concludes there is both procedural and substantive unconscionability, the Court should strike the substantively unconsionable provisions and enforce the remainder of the Agreement.

"If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result."  Cal. Civil Code § 1670.5(a).  "Under this section the court, in its discretion, may refuse to enforce the contract as a whole if it is permeated by the unconscionability, or it may strike any single clause or group of clauses which are so tainted or which are contrary to the essential purpose of the agreement, or it may simply limit unconscionable clauses so as to avoid unconscionable results."  *Armendariz* at 122 (citation omitted).  The statute thus "give[s] the trial court some discretion as to whether to sever or restrict the unconscionable provision or whether to refuse to enforce the entire agreement," but it "contemplate[s] the latter course *only when an agreement is 'permeated' by unconscionability.*"  *Id.* (emphasis added).

In *Armendariz*, the California Supreme Court held there were two reasons why striking unconscionable clauses in the arbitration agreement at issue would be inappropriate.  First, the agreement had "multiple defects [that] indicate a systematic effort to impose arbitration on an employee not simply as an alternative to litigation, but as an inferior forum that works to the employer's advantage."  *Id.* at 124.  Second, there was no single provision a court could strike or restrict in order to remove the unconscionable taint from the agreement.  Rather, the court would have to, in effect, reform the contract not through severance or restriction but by augmenting it with additional terms.  *Id.* at 124-25.

NOTICE OF DEFENDANT'S MOTION, MOTION TO COMPEL ARBITRATION, AND SUPPORTING
MEMORANDUM OF POINTS AND AUTHORITIES

Since *Armendariz*, the California Supreme Court and a number of other courts have severed isolated unconscionable terms from arbitration agreements and enforced the remainder of the agreements. In *Little v. Auto Stiegler*, 29 Cal.4th 1064, 1074-75 (2003), the California Supreme Court reversed a trial court's refusal to enforce an arbitration agreement in light of an unconscionable provision for a right of appeal that favored the employer. The California Supreme Court held the trial court abused its discretion in refusing to sever the unconscionable provision and enforce the balance of the agreement, because there was only a single provision that was unconscionable and no contract reformation was required. *Id.* at 1075. Similarly, in *McManus v. CIBC World Markets Corp.*, 109 Cal.App.4th 76, 102 (2003), the court of appeal reversed the trial court's refusal to compel arbitration in light of a provision requiring the employee to bear unreasonable costs. The appellate court held the trial court abused its discretion in refusing to sever the unconscionable provision and enforce the balance of the agreement, because the plaintiff had failed to demonstrate the existence of additional substantive unconscionable provisions or that the agreements were permeated with unfairness. *Id.* at 102.

In *Fittante v. Palm Springs Motors*, 105 Cal.App.4th 708, 726-27 (2003), the court of appeal affirmed the trial court's order compelling arbitration even though the appellate court held the agreement contained a substantively unconscionable appeal clause similar to the one in *Little*. The court saw "no reason" why the appeal provision should not be severable from the remainder of the arbitration agreement. *Id.* at 727. "The balance of the provisions are not unduly one-sided, so as to betray merely a desire to maximize advantage to the employer at the expense of the employee." *Id.* A number of courts in this District have severed isolated unconscionable terms and enforced the balance of the arbitration agreement. *See, e.g., Laughlin*, 2012 U.S. Dist. LEXIS at *18-*20; *Martin v. Ricoh Americas Corp.*, 2009 U.S. Dist. LEXIS 50516, *13-*19 (N.D. Cal. June 4, 2009); *Siglain v. Trader Publishing Co.*, 2008 U.S. Dist. LEXIS 92095, *27- *31 (N.D. Cal. August 6, 2008); *Arreguin*, 2008 U.S. Dist. LEXIS 66732 at *21-*23.

Here, to the extent there is any substantive unconscionability, it does not permeate the Agreement. Unlike the agreement at issue in *Armendariz*, Fouts' Agreement is not the product of a systematic effort to impose arbitration on an employee not simply as an alternative to litigation,

but as an inferior forum that works to the employer's advantage. Nor would the Court be required to reform the Agreement by augmenting it with additional terms. Rather, the Court may simply strike any offending provisions.

Therefore, to the extent the Court finds Plaintiff has preserved his objections and the Agreement suffers from both procedural and substantive unconscionability, the Court should strike the offending provision or provisions and enforce the balance of the agreement.

**III.  The Court should dismiss this action without prejudice, or in the alternative stay the action pending arbitration.**

When a petition to compel arbitration is made, the court shall "stay the action or proceeding until the application for an order to arbitrate is determined and, if arbitration of such controversy is ordered, until an arbitration is had in accordance with the order to arbitrate or until such earlier time as the court specifies." Cal. Code Civ. Proc. § 1281.4; 9 U.S.C. §§ 3 and 4. While the present proceedings should, at the very least, be stayed while arbitration is pending, dismissal is proper where, as here, the arbitration agreement is clearly broad enough to cover all of Plaintiff's claims. *Sparling v. Hoffman Construction Co.*, 864 F.2d 635, 638 (9th Cir. 1988).

**CONCLUSION**

All of the claims Plaintiff states against Milgard in his Complaint are subject to arbitration. The Court should enforce the Agreement, order such claims to arbitration, and stay or dismiss this case without prejudice.

Respectfully submitted,

DATED: February 16, 2012          JACKSON LEWIS LLP

By:  _____
Mia Farber
Dylan B. Carp
Travis Raymond
Attorneys for Defendant
MILGARD MANUFACTURING INC.

4825-9975-1950