Dylan B. Carp (State Bar No. 196846)
Travis Raymond (State Bar No. 268543)
Jackson Lewis LLP
199 Fremont Street, 10th Floor
San Francisco, California 94105
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-Mail: carpd@jacksonlewis.com

Mia Farber (State Bar No. 131467)
Jackson Lewis LLP
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
E-Mail: farberm@jacksonlewis.com

Attorneys for Defendant
MILGARD MANUFACTURING INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FOUTS, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>MILGARD MANUFACTURING INCORPORATED, a Washington corporation, and DOES 1-25, inclusive,<br><br>  Defendants. | **CASE NO.: C 11-06269 HRL**<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION**<br><br>Date:    Tuesday, April 10, 2012<br>Time:    10:00 a.m.<br>Courtroom: 2, 5th Floor<br>Judge:   Howard R. Lloyd<br><br>Complaint Filed: July 29, 2011<br>Trial Date: None Set |

# TABLE OF CONTENTS

Page

**STATEMENT OF THE ISSUES TO BE DECIDED**..................................................................1

**ARGUMENT**...........................................................................................................................1

    I. Plaintiff demanded mediation under the arbitration agreement and is therefore barred from attacking the agreement under the principles of waiver and estoppel..................1

    II. Plaintiff does not and cannot contend he signed the arbitration agreement involuntarily..................................................................3

    III. The arbitration agreement satisfies the requirements for arbitration agreements set forth in *Armendariz*..................4

        A. The Arbitration Agreement provides for adequate discovery..................................................................4

        B. The Arbitration Agreement provides for adequate written findings..................................................................5

        C. The Arbitration Agreement provides for all types of relief that would otherwise be available in court..................................................................6

    IV. The Arbitration Agreement is not unconscionable..................................................................7

        A. The Agreement is not procedurally unconscionable..................................................................7

        B. The Arbitration Agreement is not substantively unconscionable..................................................................7

            1. The Agreement has a sufficient modicum of bilaterality..................................................................7

            2. The Agreement does not deny Plaintiff Due Process..................................................................7

            3. The Agreement's limits on discovery are not unconscionable..................................................................9

            4. The Agreement is not unconscionable because Milgard retains the right to modify or terminate the agreement..................................................................10

    V. The arbitration agreement is enforceable..................................................................10

        A. In the absence of procedural or substantive unconscionability, the Arbitration Agreement is enforceable..................................................................10

        B. The agreement is enforceable as any unconscionability is minor..................................................................11

    C. If any portion of the Agreement is unenforceable, this Court should sever it and enforce the remainder of the Agreement...................................................................11

**CONCLUSION**..................................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

CASES

*Armendariz v. Foundation Health Psychcare Svcs., Inc.*,
  24 Cal.4th 83 (2000) ............................................................................. 3, 4, 5, 11, 12

*Brookwood v. Bank of America, NT&SA*,
  45 Cal.App.4th 1667 (1996) ............................................................................. 4

*Cummings v. Future Nissan*,
  128 Cal.App.4th 321 (2005) ............................................................................. 1, 3

*Davis v. O'Melveny & Myers*,
  485 F.3d 1066 (9th Cir. 2007) ............................................................................. 11

*Dotson v. Amgen, Inc.*,
  181 Cal.App.4th 975 (2010) ............................................................................. 4

*Fitz v. NCR Corp.*,
  118 Cal.App.4th 702 (2004) ............................................................................. 5

*Graham Oil Co. v. Arco Products Co.*,
  43 F.3d 1244 (9th Cir. 1994) ............................................................................. 7

*Ingle v. Circuit City Stores, Inc.*,
  328 F.3d 1165 (9th Cir. 2003) ............................................................................. 10

*Kinney v. United HealthCare Services, Inc.*,
  10 Cal.App.4th 1322 (1999) ............................................................................. 5

*L.A. Fitness Int'l LLC v. Harding*,
  2009 U.S. Dist. Lexis 110585 ............................................................................. 10

*Laughlin v. VMware, Inc.*,
  2012 U.S. Dist. LEXIS 12262 (N.D. Cal. Feb. 1, 2012) ............................................................................. 7, 8

*Martinez v. Master Protection Corp.*,
  118 Cal.App.4th 107 ............................................................................. 4, 5

*Mastrobuono v. Shearson Lehman*,
  514 U.S. 52 (1995) ............................................................................. 3

*Mayhew v. Benninghoff*,
  53 Cal.App.4th 1365 (1997) ............................................................................. 9

*Moncharsh v. Heily & Blase*,
  3 Cal.4th 1 (1992) ............................................................................. 2

*Pearson Dental Supplies v. Superior Court,*
  48 Cal.4th 665 (2010) .................................................................................................... 5, 9

*Reed v. Mutual Service Corp.*
  106 Cal.App.4th 1359 (2003) ............................................................................................ 2

*Woodside Homes of California, Inc. v. Superior Court,*
  107 Cal.App.4th 723 (2003) .............................................................................................. 6

## STATEMENT OF THE ISSUES TO BE DECIDED

Should the Court compel final and binding arbitration of all claims asserted in this case and dismiss this case without prejudice or in the alternative stay this case pending the outcome of arbitration?

## ARGUMENT

### I. Plaintiff demanded mediation under the arbitration agreement and is therefore barred from attacking the agreement under the principles of waiver and estoppel.

In his opposition, Plaintiff misrepresented the evidence in Milgard's moving papers and mischaracterized the law in arguing he is not barred from attacking the Agreement under the principles of waiver and estoppel. According to Plaintiff, "[i]n essence, Milgard argues that once Fouts' representative made any reference to the DRP- regardless of context- his right to challenge the terms of the arbitration clauses vanished." (Opp. at 2:18-20) This is a clear misrepresentation, as Milgard argues nothing of the sort.

Milgard actually argues Plaintiff may not invoke the Arbitration Agreement, proceed through the first step of the dispute resolution process contained in the agreement, and then object to following through the rest of the process when Plaintiff has not obtained a desired result. Here, Plaintiff demanded, through his legal counsel, to mediate his claims "[p]ursuant to the Dispute Resolution Policy...of disputes between the company and [Plaintiff] as set forth in detail in my correspondence dated May 7, 2010." Carp Dec, Ex. A. It is not the mere fact that the Agreement was mentioned that triggers the waiver, it is that Plaintiff <u>invoked</u> the Agreement after consulting legal counsel, causing Milgard to expend resources in mediating the case without any indication Plaintiff would later disavow the Agreement.

Additionally, Plaintiff mischaracterizes the law when he argues a party may not forfeit its objections to an arbitration agreement prior to the parties appearing in the trial court. Plaintiff states that "Milgard would have this court apply the forfeiture rule to pre-litigation communications between the parties. Milgard has cited no, and there is no, authority for this proposition." (Opp. 3: 13-15) In fact, there is much authority for that exact proposition, including two cases cited by the Court in *Cummings v. Future Nissan*,

128 Cal.App.4th 321 (2005), which was cited in Milgard's moving papers.

In *Moncharsh v. Heily & Blase*, 3 Cal.4th 1 (1992), two attorneys invoked an arbitration clause and arbitrated a dispute over attorneys fees. One of the parties petitioned to vacate and modify the arbitration award, and the appeals ultimately ended up in the California Supreme Court. *Id.* at 7-8. The California Supreme Court held that a party arguing that an entire contract is illegal, or the arbitration agreement itself is illegal, must raise the issue prior to participating in the arbitration process. *Id.* at 31. In *Reed v. Mutual Service Corp.* 106 Cal.App.4th 1359 (2003), the Court held that Plaintiffs who initiated an arbitration proceeding pursuant to an arbitration agreement and obtained an unfavorable result at arbitration, waived any right to challenge the arbitration agreement on the grounds that the agreement was unconscionable and void against public policy. In both of these cases, courts applied the forfeiture rule to pre-litigation conduct.

Finally, Plaintiff has attempted to diminish, through anecdotal evidence, the expenses Milgard incurred in its reliance on Plaintiff's invocation of the Arbitration Agreement. Plaintiff's current and former counsel submitted declarations that it is not in any way out of the ordinary for defendants to pay the cost of a private mediator. (Opp. at 3:23-25). In fact, as Milgard's counsel's declaration establishes, it is very uncommon for defendants to pay the cost of a private mediator in employment cases and, more importantly, Milgard would not have paid the costs of the private mediator in this case had Milgard not believed that Plaintiff was invoking the Arbitration Agreement in its entirety. (Supplemental Declaration of Dylan B. Carp).

Tellingly, Plaintiff has also submitted a declaration from his former counsel that when he invoked the arbitration agreement for the purposes of mediation, he never intended to follow through with the arbitration portion of the agreement. (Opp. at 3: 16-19). Countering that duplicity is the exact purpose of the forfeiture rule. "The forfeiture rule exists to avoid the waste of scarce dispute resolution resources, and to thwart game-playing litigants who would conceal an ace up their sleeves for use in the event of an adverse outcome. The proper criterion for dividing the sheep from the goats (Matthew

25:32) is a litigant's knowledge of a defense to the jurisdiction of the arbitrator. Those who are aware of a basis for finding the arbitration process invalid must raise it at the outset or as soon as they learn of it so that prompt judicial resolution may take place before wasting the time of the adjudicator(s) and the parties." *Cummings* 128 Cal.App.4th at 328-329. By failing to raise any objections to the Arbitration Agreement, while invoking the agreement and participating in the first step of the two-step process, Plaintiff has forfeited his objections to the enforceability of the arbitration agreement.

II. **Plaintiff does not and cannot contend he signed the arbitration agreement involuntarily.**

Plaintiff begins his opposition by noting that an agreement to private, mandatory, arbitration under the Federal Arbitration is invalid if it was obtained through coercion. After taking such note, Plaintiff does not actually assert that his signing the Arbitration Agreement was involuntary in any manner, and certainly not that Plaintiff was coerced. Therefore this issue is waived and not at issue.

Plaintiff seems to obliquely imply that because the Arbitration Agreement was a mandatory condition of Plaintiff's employment and/or that Plaintiff did not read it before signing it, it was not voluntary. The two cases Plaintiff quotes do not stand for this overbroad proposition. In *Mastrobuono v. Shearson Lehman*, 514 U.S. 52 (1995), the Supreme Court considered whether plaintiffs who signed a standard form agreement could enforce an arbitration award granting plaintiffs punitive damages. The Court noted parties are free to contract for arbitration on terms of their choosing. The Court was referring to state courts trying to coerce parties to arbitrate on terms other than what they contracted for when it stated: "Arbitration under the Act is a matter of consent, not coercion, and parties are generally free to structure their arbitration agreements as they see fit." *Id.* at 57. Plaintiff took the quote regarding coercion out of context. Nothing in *Mastrobuono* leads to the proposition that arbitration agreements entered into as a mandatory condition of employment are unenforceable as involuntary.

In *Armendariz v. Foundation Health Psychcare Svcs., Inc.*, 24 Cal.4th 83 (2000), the California Supreme Court considered a case where an arbitration agreement was signed by
3 Case No. C 11-06269 HRL
REPLY IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION

employees as a mandatory condition of their employment. The Court never gave any indication that such arbitration agreements were unenforceable as involuntary. The Court merely concluded that arbitration agreements in these circumstances may have some elements of procedural unconscionability.

As cited in Milgard's moving papers, public policy favors arbitration so strongly that California courts have held an employee is "bound by the provisions of [an] [arbitration] agreement regardless of whether [he/she] read it or [was] aware of the arbitration clause when [he] signed the document." *Brookwood v. Bank of America, NT&SA*, 45 Cal.App.4th 1667, 1673-74 (1996) (citations omitted).

### III. The arbitration agreement satisfies the requirements for arbitration agreements set forth in *Armendariz*.

Plaintiff contends that the Arbitration Agreement is unenforceable because it fails to comply with California public policy. Specifically, Plaintiff argues the Agreement improperly limits discovery, does not provide for adequate written findings, and does not provide for all types of relief that would be available in court. Each of these arguments is meritless.

#### A. The Arbitration Agreement provides for adequate discovery.

In its moving papers, Milgard relied on *Dotson v. Amgen, Inc.*, 181 Cal.App.4th 975, 983-85 (2010), *and cases cited therein* to establish that Courts have repeatedly upheld similar discovery provisions to those contained in the Arbitration Agreement. Plaintiff did not dispute the validity of those cases, nor did he attempt to distinguish them.

Rather, Plaintiff cited *Martinez v. Master Protection Corp.*, 118 Cal.App.4th 107 as supporting his contention the scope of discovery permitted under the Arbitration Agreement is insufficient as a matter of law under *Armendariz*. The holding in *Martinez* is exactly the opposite of the proposition Plaintiff hopes to establish. In that case, the court considered an agreement "which, absent a demonstration of 'substantial need,' restricts discovery to a single deposition and a document request." *Id.* at 118. Although the court recognized that limited discovery may favor an employer, the court held "we are unable to state as a matter of law that [the employer's]

arbitration agreement does not afford adequate discovery rights to employees seeking to vindicate statutory rights as required under *Armendariz*." *Id.* at 118-119.

Plaintiff also cites *Fitz v. NCR Corp.*, 118 Cal.App.4th 702 (2004) as standing for the proposition that authorizing the arbitrator to authorize more discovery is an inadequate safeguard against discovery limitations. (Opp. at 7: 3-7). In that case, the arbitrator was only permitted to provide additional discovery where "a fair hearing is *impossible* without additional discovery." (Italics added by the Court) *Id.* at 717-718. The standard is not nearly so draconian in this case, where a party need only show "good cause" to obtain additional discovery. Thus, *Fitz* is not relevant here.

Finally, Plaintiff cites *Kinney v. United HealthCare Services, Inc.*, 10 Cal.App.4th 1322 (1999) as an instance where a court invalidated an arbitration agreement permitting even broader discovery than the agreement in this case. *Kinney* predates *Armendariz* and the court did not thoroughly address the discovery restraint. Rather, the court concluded that the agreement at issue in *Kinney* was wholly unilateral, and the discovery limitations were unconscionable insofar as they related to a wholly unilateral arbitration agreement. *Id.* at 1331-1332.

Thus, Plaintiff fails to address Milgard's authorities which hold analogous discovery limitations are lawful, and cites only readily distinguishable authority in support of his contention that the Arbitration Agreement unlawfully limits discovery.

**B.   The Arbitration Agreement provides for adequate written findings.**

Plaintiff contends the Arbitration Agreement is unenforceable because it requires only a "written decision," whereas *Armendariz* allegedly requires a "written, reasoned opinion." (Opp. at 7:24-28). The *Armendariz* holding is not nearly so potent as Plaintiff contends: "All we hold today is that in order for such judicial review to be successfully accomplished, an arbitrator in a FEHA case must issue a written arbitration decision that will reveal, however briefly, the essential finding and conclusions on which the award is based." *Armendariz* at 107. Plaintiff does not cite any case, nor is Milgard aware of any, that requires an arbitration agreement to use specific language to satisfy the modest holding of *Armendariz*. Even *Pearson Dental Supplies v. Superior Court*, 48 Cal.4th 665 (2010),

cited by Plaintiff in his opposition, did not hold that language in an arbitration agreement had to require more than a "written decision."

### C. The Arbitration Agreement provides for all types of relief that would otherwise be available in court.

Plaintiff wrongly contends that the Agreement does not allow for Plaintiff to recover his attorney's fees and, also wrongly, that Milgard did not address that issue in its motion to compel arbitration. As stated in Milgard's moving papers, the Agreement in this matter states: "the Arbitrator shall have the same power and authority (and no more) as would a judge in court to grant monetary damages or such other relief as may be in conformance with applicable principles of common, decisional, and statutory law in the relevant jurisdiction." (Agreement, p. 4).

Plaintiff contends that the portion of the agreement requiring the employee to bear the expense of his representation somehow negates the provision of the agreement authorizing the arbitrator to grant all relief that a court could grant. The most logical interpretation of these two provisions is that Plaintiff is to bear the expense of his own representation, but may recover attorneys' fees should he prevail on a cause of action which supports the award of attorney's fees. This is the exact position Plaintiff would find himself in should this case be litigated in court instead of arbitration. Thus, the Agreement satisfies *Armendariz's* requirement that the Agreement provide all statutory remedies to the parties.

Plaintiff blithely dismisses *Woodside Homes of California, Inc. v. Superior Court*, 107 Cal.App.4th 723, (2003), cited in Milgard's moving papers, because the there was not a similar fee shifting provision in the applicable statute. Plaintiff misses the holding in that case: provisions requiring plaintiff's to bear their own attorney fees are valid so long as they take nothing away from the plaintiff that they would have in court. The logical interpretation of the Agreement urged by Milgard conforms to the *Woodside* ruling and places Plaintiff in the exact position he would be in were this matter in court.

The interpretation urged above is not only the most logical, it is the interpretation which favors arbitrability as required by California law: "doubts should be resolved in favor of sending

the parties to arbitration." *Manna v. Doctors' Mgmt. Co.*, 27 Cal.App.4th 1186, 1189 (1994).

Plaintiff cites *Graham Oil Co. v. Arco Products Co.*, 43 F.3d 1244 (9th Cir. 1994) for the proposition that the 9th Circuit has invalidated arbitration agreements with "substantively identical language to the DRP." (Opp. 9: 1-2). That case is easily distinguishable as the holding gives no indication that the arbitration agreement authorized the arbitrator to grant all relief as may be in conformance with applicable principles of common, decisional, and statutory law, as the Arbitration Agreement does.

**IV.  The Arbitration Agreement is not unconscionable.**

**A.  The Agreement is not procedurally unconscionable.**

Plaintiff does not address Milgard's arguments in its moving papers that the Agreement lacks procedural unconscionability because it is not the product of oppression nor surprise. Plaintiff has thus waived those issues.

Instead, Plaintiff contends that the Agreement is procedurally unconscionable because it was a condition of Plaintiff's employment, and, therefore, an adhesion contract. Plaintiff alleges that there was no opportunity to negotiate the terms of the agreement. As noted in the moving papers, Plaintiff had time to review the agreement before signing, and was handsomely compensated with many benefits in addition to his base salary and compensation.

Milgard did not engage in any oppressive behavior, such as making threats. Additionally, the Agreement is in full print and repeatedly advises Plaintiff of the rights he is waiving by signing the Agreement, such that Plaintiff cannot allege surprise. To the extent this court determines that there is procedural unconscionability to the Agreement, in that it was a condition of Plaintiff's employment, the level of procedural unconscionability is low and insufficient as a matter of law to invalidate the Agreement. *Laughlin v. VMware, Inc.*, 2012 U.S. Dist. LEXIS 12262 (N.D. Cal. Feb. 1, 2012).

**B.  The Arbitration Agreement is not substantively unconscionable.**

**1.  The Agreement has a sufficient modicum of bilaterality.**

As anticipated, Plaintiff argues the Agreement does not preserve the requisite "modicum of bilaterality" required by *Armendariz*. Plaintiff asserts that the carve out for Milgard to seek

injunctive or equitable relief to enforce its intellectual property are substantively unconscionable as a matter of law. Plaintiff did not address *Laughlin v. VMware, Inc.*, 2012 U.S. Dist. LEXIS 12262, *17 (N.D. Cal. Feb. 1, 2012), raised in the moving papers, which stands for the proposition that carve outs for intellectual property are "reasonably justified by a business purpose, and therefore not so unfairly one-sided as to be deemed unconscionable." *Id.* at *18. This argument by Milgard goes entirely unrebutted.

While Plaintiff cites some cases holding similar provisions unconscionable, the case above demonstrates that there is at least a split in authority. Additionally, the carve-out in this matter applies only to injunctive and equitable relief. Milgard would still have to litigate the merits of any claims under the carve-out before an arbitrator, and could only recover damages through mediation followed by arbitration pursuant to the Agreement.

### 2. The Agreement does not deny Plaintiff Due Process.

Plaintiff has engaged in a tortured interpretation of the Agreement to contend the Agreement allows the mediator to decide the dispute at an administrative conference rather than a traditional arbitration hearing. Plaintiff contends that because the term "same proceeding" falls under the "Administrative Conference" heading, it means that the dispute can be decided at the conference. (Opp. at 14: 3-15). Plaintiff fails to acknowledge the first sentence in that section, which provides the necessary context.

The first sentence states that the Administrative Conference is used to permit the arbitrator to consider any issues that will expedite the arbitration in a fair and equitable manner. The next sentence states one such manner in which the parties agree to expedite the arbitration: by having all outstanding disputes decided by the Arbitrator in the same proceeding. Plaintiff's interpretation only makes sense if one ignores the first sentence completely.

Plaintiff also argues for his strained interpretation by erroneously claiming that Milgard's interpretation conflicts with the carve-out provision. (Opp. at 14: 16-17). Plaintiff's analysis goes no deeper than that. Presumably, Plaintiff is implying that since some claims by Milgard may be brought in court, then the arbitrator cannot possibly rule on all disputes between the parties in the same hearing. The first thing to note, is that critique applies equally to the

interpretation urged by Plaintiff. Secondly, the Plaintiff ignores that the Agreement maintains that all "outstanding" disputes will be decided in the same proceeding. Thus, Milgard's claims under the carve-out would not apply in the hearing, because they would be dealt with in court and not outstanding.

Lastly, Plaintiff misrepresents the law in advocacy of his interpretation. Plaintiff claims that the Agreement is an adhesion contract and any ambiguities are to be drawn against the drafter. This argument ignores the well settled principle that "When an arbitration provision is ambiguous, we will interpret that provision, if reasonable, in a manner that renders it lawful, both because of our public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution, and because of the general principle that we interpret a contractual provision in a manner that renders it enforceable rather than void." *Pearson Dental Supplies, Inc. v. Superior Court*, 48 Cal.4th 665, 82 (2010).

Plaintiff cites *Mayhew v. Benninghoff*, 53 Cal.App.4th 1365 (1997) as standing for the general proposition that any ambiguity in an adhesion contract is to be drawn against the drafter. Plaintiff is mistaken. The arbitration agreement at issue in *Mayhew* was between an attorney and his client, and the court held that the ambiguities must be drawn against the attorney because, "[t]here are higher presumptions, designed to protect clients in their business dealings with their attorneys. The onus is on the attorney to show no advantage was taken and that the client was given full and frank disclosure." *Id.* at 1367. *Mayhew* is inapplicable here, where there was no attorney client relationship between the parties.

The Agreement does not permit the arbitrator to rule on the merits of Plaintiff's claims at an Administrative Conference. The interpretation urged by Plaintiff is only logical if one ignores key sentences and phrases present in the Agreement and/or confuses the law regarding the interpretation of arbitration agreements.

   **3. The Agreement's limits on discovery are not unconscionable.**

As stated above, Plaintiff has failed to dispute the validity and applicability of the cases cited by Milgard holding that limits on discovery similar to those at issue in this case are not unconscionable. The cases Plaintiff has cited are all readily distinguishable.

### 4. The Agreement is not unconscionable because Milgard retains the right to modify or terminate the agreement.

Plaintiff argues that a provision in the Agreement allowing Milgard to modify or discontinue the Agreement upon written notice, renders the Agreement substantively unconscionable. Once again, Plaintiff has chosen to ignore important language from the Agreement in order to make his argument. Before the Agreement provides Milgard the right to modify or discontinue, it states: "The terms of this Policy in effect at the time of the facts giving rise to the dispute took place are the terms which will be binding on the Company and the employee." (Agreement p. 5).

Plaintiff improperly relies on the Court's ruling in *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165 (9th Cir. 2003) that a unilateral right to modify or revoke renders the agreement substantively unconscionable. First, the agreement in *Ingle* did not carry the proviso that the terms of the policy at the time of the facts giving rise to the dispute took place are the terms that will bind the parties. *Id.* at 1179. The absence of this proviso is dispositive, because the Court in *Ingle* relied on precedent that held unilateral rights to modify or revoke created "illusory" rights to arbitration. *Id.* at Footnote 22. That precedent was concerned that agreements without such a proviso would allow employers to terminate the agreement when it wanted to bring a claim, but leave it intact when Plaintiff wanted to raise a claim. The proviso in the Arbitration Agreement, strategically ignored by Plaintiff, cures the defect at issue in *Ingle*.

Second, courts have distinguished *Ingle* on the grounds that the case applies "in the context of the employer attempting to modify the agreement in some way." *L.A. Fitness Int'l LLC v. Harding*, 2009 U.S. Dist. Lexis 110585, *8-9. There is no evidence that Milgard ever attempted to modify the Agreement in this matter.

Therefore, this provision is not substantively unconscionable.

### V. The arbitration agreement is enforceable.

#### A. In the absence of procedural or substantive unconscionability, the Arbitration Agreement is enforceable.

Both procedural and substantive unconscionability must be present for a court to exercise

its discretion to refuse to enforce an arbitration agreement under the doctrine of unconscionability. *Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1072 (9th Cir. 2007). Therefore, this Court should enforce the Arbitration Agreement if it finds there is either no procedural unconscionability or no substantive unconscionability.

### B. The Arbitration Agreement is enforceable as any unconscionabilty is minor.

"Courts apply a sliding scale: the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Davis*, 485 F.3d at 1072. Here, even if this Court finds the Arbitration Agreement is procedurally unconscionable and that the unilateral right to modify/terminate the agreement, or some other provision, is substantively unconscionable, this Court should nevertheless enforce the Agreement in its entirety because the procedural and substantive unconscionability are both relatively minor.

As argued above, Plaintiff entered the Agreement without the threats, oppression, and surprise outlined in the more egregious cases cited in the moving papers.

Regarding substantive unconscionability, the carve-out does not affect any of the five core requirements set forth in *Armendariz*. *See* 24 Cal.4th at 102 (employment arbitration agreements must provide for neutral arbitrators, provide for more than minimal discovery, require a written award, provide for all of the types of relief that would otherwise be available in court, and must not require employees to pay either unreasonable costs or any arbitrators' fees or expenses as a condition of access to the arbitration forum). Rather, it pertains only to injunctive relief or equitable relief, and only to claims that are not at issue in this lawsuit. Likewise, the unilateral right to modify/terminate contained a proviso guaranteeing arbitration if the facts giving rise to the claim occurred before modification. Nor is there any indication of actual attempts at modification by Milgard.

### C. If any portion of the Agreement is unenforceable, this Court should sever it and enforce the remainder of the Agreement.

Plaintiff did not address the many cases Milgard cited in its moving papers where courts have held that isolated unenforceable provisions should be severed and the remainder of the

agreement enforced. Milgard will not duplicate the case citations, but simply notes that they go unrebutted.

Instead, Plaintiff has relied on vague and general language from *Armendariz* to argue against severability. Plaintiff argues that the Court should not sever unenforceable portions of the Agreement because they permeate the agreement and because they evidence bad faith on the part of Milgard. As argued above, each challenged provision has authority finding it enforceable. Therefore, the Agreement does not support an inference of bad faith by Milgard.

Plaintiff draws his bad faith argument from footnote 13 in the *Armendariz* decision. (Opp. p. 16:18-26 and p. 17:1-9). In that footnote, the California Supreme Court stated courts have tended to invalidate, rather than restrict, overly broad covenants not to compete when it appears they were drafted in bad faith, i.e., with a knowledge of their illegality. The court stated this rule applies with equal force to arbitration agreements that limit damages to be obtained from challenging the violation of unwaivable statutory rights. However, the court's statements in that footnote have no relevance to the Agreement here, for two reasons. First, the potentially offending provisions have nothing to do with limiting damages on Plaintiff's claim. Second, there is no evidence Milgard drafted the provisions in bad faith or with a knowledge that they were illegal. Indeed, for the reasons stated above and in our Memorandum of Points and Authorities, there are strong arguments for their legality, even if this Court finds them unpersuasive.

Therefore, this Court should enforce the Arbitration Agreement.

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

## CONCLUSION

All of the claims Plaintiff states against Milgard in his Complaint are subject to arbitration. The Court should enforce the Agreement, order such claims to arbitration, and stay or dismiss this case without prejudice.

Respectfully submitted,

DATED: March 8, 2012

JACKSON LEWIS LLP

By: _____
Mia Farber
Dylan B. Carp
Travis Raymond
Attorneys for Defendant
MILGARD MANUFACTURING INC.

4834-0756-0206, v. 2